KRISTIN C. COPE (*Pro Hac Vice Application Pending)*
kcope@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street
Suite 1600
Dallas, Texas 75201-2692
Telephone: +1 972 360 1900
Facsimile: +1 972 360 1901

HANNAH Y. CHANOINE (*Pro Hac Vice Application Pending)*
hchanoine@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
(212) 326-2128
(212) 326-2061(fax)

ELLEN V. WARD (S.B. #360565)
eward@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: +1 310 246-8582

*Attorneys for Defendant Divi Official, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SILVIA GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>DIVI OFFICIAL, LLC, a Delaware limited liability company; and DOES 1-10,<br><br>Defendant. | Case No.<br><br>Los Angeles Superior Court Case No. 25STCV23503<br><br>**DEFENDANT DIVI OFFICIAL, INC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Action Filed in State Court: Aug. 11, 2025<br><br>Trial Date: None Set |

# NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Divi Official, Inc. ("Divi")[1] hereby removes the above-captioned action brought by Plaintiff Silvia Garcia ("Plaintiff") in the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1332(a), 1441(a), and 1446 on the following grounds:

## I. PROCEDURAL HISTORY

1. On August 11, 2025, Plaintiff commenced this action against Divi by filing a complaint in the Superior Court of California, County of Los Angeles, entitled *Silvia Garcia v. Divi Official, LLC, a Delaware limited liability company; and DOES 1-10*, designated as Case No. 25ST CV 23503 ("Complaint").

2. Service of process of the Complaint was effectuated on Divi's registered agents for service on August 21, 2025. *See* **Exhibit 7.**

3. Plaintiff's lawsuit arises from her purchase of Divi's 12-fluid-ounce Volumizing Conditioner (the "Product"). She contends Divi deceptively sells these bottles "in oversized containers that do not reasonably inform consumers that they are up to half empty." Compl. ¶ 1. Based on this allegation, she asserts the following causes of action: (1) Common Law Fraud; (2) Violation of California's Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (3) Violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*); and (4) False and Misleading Advertising in Violation of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq.*).

---

[1] Plaintiff incorrectly identified Defendant as "Divi Official, LLC." Divi Official, LLC no longer exists, and Divi Official, Inc. was served with service of process. Defendant reserves all rights related to this misnomer unless and until properly corrected by Plaintiff.

4. The United States Supreme Court has affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove, by filing in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal[;]" no evidentiary submissions are required. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)).

5. As set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446, as this Court has original jurisdiction over this action under 28 U.S.C. § 1332, and as Divi has satisfied the venue and procedural requirements for removal.

## II. THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET

6. *Timeliness:* A defendant may file a notice of removal within 30 days after they receive a copy of the initial pleading, motion, or other papers from which it may be ascertained that the case is removable. 28 U.S.C. § 1446. This notice of removal is timely as it is being filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b)(1).

7. *Removal to Proper Court:* This action was filed in the Superior Court for the State of California in the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California, as this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); s*ee also* 28 U.S.C. §§ 84(c)(2), 1391, and 1446(a).

8. *Procedural Requirements:* Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleading, and order" served on it in the state court action. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders from the state court action served on or filed by Divi are attached hereto as **Exhibits 1-8.** As required by Section 1446(d), Divi has concurrently filed an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

9. No previous application has been made for the relief requested herein.

## III. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. §§ 1332 and 1441.

10. As set forth below, this case is subject to removal under 28 U.S.C. § 1332(a). This is an action in which (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds $75,000. Thus, this Court has original jurisdiction.

### A. There is Complete Diversity of Citizenship.

11. Plaintiff is a resident of California. Compl. ¶ 5.

12. Divi is corporation, and is therefore a citizen of the state where it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Divi is incorporated in Delaware, and has its principal place of business in Dallas, Texas. Thus, Divi is a citizen of Delaware and Texas.

13. As Plaintiff and Divi are citizens of different States, there is diversity of citizenship. 28 U.S.C. §§ 1332(a), 1332 (c)(1).

### B. The Amount in Controversy Requirement is Satisfied.

14. The jurisdictional minimum amount in controversy, exclusive of interests and costs, must exceed $75,000. 28 U.S.C. § 1332(a). While Plaintiff does not plead a specific amount of damages in the Complaint (and in the case of any injunctive relief, does not plead the cost for compliance with the requested injunction), "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(A)). For the reasons set forth below, the amount in controversy exceeds $75,000.

15. Plaintiff seeks relief on all causes of action in the form of (1) "An order requiring Defendant to add a conspicuous 'fill line' to the front of the Product's packaging sold in California;" (2) "Actual, statutory, and punitive

damages;" (3) "Attorneys' fees and costs;" and (4) "All other relief at law or in equity that may be just and proper." Compl. at 22 ("Prayer for Relief").

16. **Reasonable Estimated Costs of Compliance with the Requested Injunctive Relief:** "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017), *quoting Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The value of the object of the litigation is determined by "the pecuniary result to either party which the judgment would directly produce." *Id, quoting In re Ford Motor CO./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "[The amount in controversy] includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016) (citations omitted).

17. Plaintiff seeks injunctive relief in the form of "an order requiring Defendant to add a conspicuous 'fill line' to the front of the Product's packaging sold in California." Compl. at 22 ("Prayer for Relief"). If such an injunction is granted, Divi would have to recall all conditioner bottles already in the stream of commerce in California, discard existing inventory of the current conditioner bottles, pay to have its bottles redesigned, and repurchase thousands of the redesigned bottles. *See* Declaration of Rachael Fox ("Fox Decl.") at ¶6. A conservative estimate of the cost of compliance when accounting for the costs of discarding current inventory, redesigning the bottles, and repurchasing thousands of the redesigned bottles would exceed $75,000. *Id.* at ¶7 ("A conservative estimate of the cost of this entire process would be approximately $760,000."). Thus, the pecuniary value of the requested injunctive relief alone would exceed the amount in controversy requirement.

18. **Actual, Statutory, and Punitive Damages:** In cases for common law fraud in California, recovery is limited to actual damages suffered by the plaintiff. *See Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1097 (S.D. Cal. 2006). Damages for violations of the CLRA include actual damages (if a prefiling notice is provided thirty days in advance), restitution, punitive damages, and injunctive relief. Cal. Civ. Code §§ 1780(a), 1782(a). "The remedies available in a UCL or FAL action are limited to injunctive relief and restitution." *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 130 (2009). Moreover, "'[i]t is well established that punitive damages are part of the amount in controversy in a civil action, where they are recoverable under one or more of the [Plaintiff's] claims for relief." *Carillo v. FCA USA, LLC,* 546 F. Supp. 3d 995, 1003 (C.D. Cal. 2021) (quoting *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).

19. As stated above, Plaintiff does not allege how much she seeks in actual, statutory, restitution, or punitive damages. However, she does seek injunctive relief that requires the wholesale change of packaging for a well-known brand of conditioner, which alone exceeds the $75,000 amount in controversy requirement.

20. **Attorneys' Fees and Costs:** Attorneys' fees are also properly included in the amount in controversy, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018). The CLRA states that the "court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section." Cal. Civ. Code § 1780(e).

21. Plaintiff also seeks attorneys' fees. Compl. at 22 ("Prayer for Relief"). Although Divi steadfastly denies any wrongdoing or liability as alleged by Plaintiff,

attorneys' fees are properly included in the amount in controversy calculation, thereby increasing the aggregate sum.

Based on the foregoing, Divi respectfully requests removal of this action from the Superior Court of the State of California for the County of Los Angeles to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: September 22, 2025

/s/ Ellen V. Ward
Ellen V. Ward

Ellen V. Ward (S.B. #360565)
eward@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067
Telephone: +1 310 246-8582

Kristin C. Cope*
kcope@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street
Suite 1600
Dallas, Texas 75201-2692
Telephone: +1 972 360 1900
Facsimile: +1 972 360 1901

Hannah Y. Chanoine*
hchanoine@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
(212) 326-2128
(212) 326-2061(fax)

*Attorneys for Defendant Divi Official, Inc.*

**Pro Hac Vice Applications Pending*